IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION - JACKSON

| | |
|---|---|
| AMBER HENDERSON,<br>    Individually, and on behalf of all others<br>    similarly situated,<br>        PLAINTIFFS,<br><br>v.<br><br>DSR HOLDINGS GROUP LLC,<br>and DAVID SEGAL, individually,<br>        DEFENDANTS | Case No. 1:25-cv-1071 |

## COMPLAINT AND JURY DEMAND

1. This is a class action lawsuit for damages brought by plaintiff Amber Henderson ("Plaintiff") against DSR Holdings Group LLC ("DSR") and David Segal ("Segal) (DSR and Segal collectively referred to as "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter "TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that all defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

4. Plaintiff resides in this District.

## PARTIES

5. Plaintiff, Amber Henderson ("Plaintiff"), is an adult individual residing in Jackson, Tennessee, and is a person as meant in 15 U.S.C. § 1692, et seq.

6. DSR is a Delaware business entity operating from Getzville, New York.

7. DSR can be served via its registered agent in Delaware, United States Corporation Agents, Inc., at 131 Continental Drive, Suite 305, Newark, DE 19713, or in any manner that is in accordance with the Federal Rules of Civil Procedure.

8. DSR advertises on its website (www.dsrholdingsgroup.com/blank) (last visited March 6, 2025):

   > At DSR Holdings Group, our mission is to navigate the complexity of negotiating solutions that work both for our Client and the Consumer. We strive to provide resolutions that are ethical to all parties involved.

9. DSR's website also has a "Make a Payment" tab that visitors can click and be taken to a website to make a payment on the account DSR is attempting to collect from the website visitor.  In addition, when the website visitor goes to the "Make a Payment" page one finds the language "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (emphasis in original).

10. DSR advertises on its website (www.dsrholdingsgroup.com/blank) (last visited March 6, 2025) the types of debts it collects by listing Credit Card, Personal Loan, Auto Deficiencies, Failed Repossession, Asset Recovery and Default Judgment.

11. The principal purpose of DSR is the collection of debts using the mails and telephone and other means.

12. DSR regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. DSR is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Segal is an individual believed to reside at 32 Wilshire Rd Buffalo, NY 14217.

15. Segal can be served at his home or wherever he may be found in any manner that is in accordance with the Federal Rules of Civil Procedure

16. Segal is the owner of DSR.

17. Segal, via his company, DSR, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

18. Segal is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. At some time in the past, a consumer whose abbreviations are or were JH allegedly incurred a financial obligation that was primarily for personal, family or household purposes ("the Account"). On information and belief, the funds from the Account were not used for business or commercial purposes.

20. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. The Account allegedly went into default with the original creditor.

22. After the Account allegedly went into default, the Account was purchased by, or otherwise transferred to, Defendants for collection.

23. Plaintiff requests that DSR and Segal cease all further communications with Plaintiff regarding the Account.

24. In approximately April 2024, Defendants began making telephone calls to Plaintiff's cell phone using an artificial or prerecorded voice.

25. Prior to April 2024, Plaintiff obtained a cell phone and was assigned telephone number XXX-XXX-3437. This is a telephone number assigned to a cellular telephone service as described in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Since obtaining the cell phone assigned phone number XXX-XXX-3437, Plaintiff has carried it on or about her person every day expecting to be able to place and receive telephone calls freely and at will.

27. Since Plaintiff obtained the cellphone assigned phone number XXX-XXX-3437, no one other than Plaintiff has carried that phone.

28. Plaintiff received at least one call from DSR that, when Plaintiff or her voicemail answered them, an artificial or pre-recorded voice provided a message stating:

> Hi, this is Dave with DSR. I'm trying to verify employment for Jody Henderson. If you know where this individual works or can be found, um, please give a call back or press one. My phone number is (855) 200-3739. Again, (855) 200-3739. I am reaching out today to see if you can assist me in providing location information or contact information. Please call us at your earliest convenience at (855) 200-3739.

29. Plaintiff received at least one call from DSR that, when Plaintiff or her voicemail answered them, an artificial or pre-recorded voice provided a message stating:

> Hello, this is Steven. This is my third attempt to reach Jody Henderson. Yes, hello, this is Steven with DSR Holding. At this point, we have left you multiple messages and attempts at the correspondence regarding a management review of your account. All attempts have failed. I need to speak with you as soon as possible. Please press one to speak with an agent or call us directly at (855) 200-3739.

30. In addition to the two voicemails described above, Plaintiff received at least two more calls from DRS that used an artificial or pre-recorded voice.

31. Plaintiff has never had a business relationship with DSR.

32. All calls from DSR to Plaintiff's cellular phone assigned number XXX-XXX-3437 were made without Plaintiff's prior express consent.

33. All calls placed to Plaintiff by DSR using a pre-recorded message were not made with the prior express consent of the called party.

34. All calls placed to Plaintiff by DSR using a pre-recorded message were not made for emergency purposes.

35. As a result of the calls from DSR to Plaintiff, DSR caused Plaintiff to become very upset because of the illegal manner in which DSR continued to call Plaintiff's phone number or cause her phone number to be called.

36. Plaintiff suffered actual damages as a result of the illegal communication(s) by DSR in the form of emotional distress, anxiety, sleeplessness, fear and upset, amongst other negative emotions.

37. DSR's illegal communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

38. Although Plaintiff did not owe any money on the Account, as part of its efforts to communicate with the actual debtor, JH, about the Account, DSR called Plaintiff many times.

39. On April 29, 2024, Plaintiff spoke with DSR on the phone and requested that it stop calling her about the Account.

40. DSR refused to stop calling Plaintiff, and in fact, called Plaintiff at least four more times.

41. Between April 29, 2024 and late July 2024, Plaintiff answered approximately two of DSR's calls and asked them to stop calling her.

42. In the final call from DSR on approximately July 23, 2024, Plaintiff again answered DSR's phone call and told DSR that she did not know the person DSR was looking for and that she wanted to be removed from DSR's call list. In response, DSR asked her several times why she was lying to DSR, laughed at her and told her that DSR could call her as many times as necessary to get into contact with the debtor on the Account. DSR further told Plaintiff that Plaintiff should be nicer and asked Plaintiff if she knew what the Bible says about liars.

43. DSR's treatment of Plaintiff was harassing, belittling and humiliating.

44. All of DSR's calls to Plaintiff after her April 29, 2024 request to not receive calls from DSR were unlawful harassment pursuant to 15 U.S.C. § 1692, *et seq*.

45. All of the conduct by DSR and its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

46. Each telephone call with Plaintiff described herein constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

47. The only reason that DSR and/or representative(s), employee(s) and/or agent(s) of each communicated with Plaintiff was to attempt to collect the Account.

48. Segal directly or indirectly, exerted influence over DSR and caused DSR to act in the manner that it did with respect to Plaintiff.

49. Segal knew that DSR repeatedly or continuously engaged in collection practices as described above.

50. During all times pertinent hereto, Segal (a) created the collection policies and procedures used by DSR and its employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection

operations of DSR, (c) oversaw the application of the collection policies and procedures used by DSR and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by DSR and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by DSR and its employees and agents in connection with its common efforts to collect consumer debts, and/or (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by DSR and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

51. All of the conduct by DSR and/or Segal and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

52. DSR's collection practices caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

53. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k.

## CLASS ACTION ALLEGATIONS

## CLASS ONE – FDCPA CLASS

54. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Tennessee who, within the one year prior to the filing of this complaint, received communications from DSR during DRS's attempt to collect any consumer debt where the debt in question was incurred primarily for personal, family or household purposes and

    where the person that received the communication was not obligated to repay the DSR was attempting to collect and where:

      a. the communication from DSR occurred after such person had previously requested that DSR stop communicating with such person; and/or

      b. the communication to such person was a communication subsequent to the first communication to such person and where such person had not requested subsequent phone calls and where DSR did not reasonably believe that prior responses from such person were erroneous or incomplete and the person had gained correct or complete location information justifying the subsequent communication(s).

55. Excluded from the Class are DSR, all other defendants named herein, the officers and directors of DSR, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which DSR has or had a controlling interest.

56. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by DSR.

57. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of DSR and Plaintiff has suffered substantially similar injuries as each member of the Class.

58. Plaintiff has retained counsel experienced and competent in class action litigation.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

60. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that DSR has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. DSR's violations of 15 U.S.C. § 1692 *et seq.* as alleged herein;

    b. DSR's conduct particular to the matters at issue was identical or substantially similar; and

    c. The availability of statutory penalties.

### CLASS TWO – TCPA CLASS

61. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within four years before the date of the filing of this Complaint, received telephone calls on their cellular telephones from DSR in communications or attempted communications which originated with DSR's use of an artificial or prerecorded voice in the communication, and where such communications were not made for emergency

purposes or where the person did not provide prior express consent to DSR to use an artificial or prerecorded voice in the communication.

62. Excluded from the Class are DSR, all other defendants named herein, the officers and directors of DSR, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which DSR has or had a controlling interest.

63. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by DSR.

64. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of DSR and Plaintiff has suffered substantially similar injuries as each member of the Class.

65. Plaintiff has retained counsel experienced and competent in class action litigation.

66. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

67. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that DSR has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a.  DSR's violations of 47 U.S.C. § 227 *et seq*. as alleged herein;

    b.  DSR's violations of Tex. Bus. & Comm. Code § 305.053 as alleged herein;

    c.  DSR's conduct particular to the matters at issue was identical or substantially similar; and

    d.  The availability of statutory penalties.

## **RESPONDEAT SUPERIOR**

68. The representative(s) and/or collector(s) at DSR were employee(s) and/or agents of DSR at all times mentioned herein.

69. The representative(s) and/or collector(s) at DSR were acting within the course of their employment at all times mentioned herein.

70. The representative(s) and/or collector(s) at DSR were under the direct supervision and control of DSR at all times mentioned herein.

71. The actions of the representative(s) and/or collector(s) at DSR are imputed to their employer, DSR.

72. DSR acted at all times as an agent of Segal.

73. The actions of DSR are imputed to Segal.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY DSR HOLDINGS GROUP LLC and DAVID SEGAL

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. The act(s) and omission(s) of DSR and Segal and their respective representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692b(3) and §1692d(2).

76. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from DSR and Segal.

### COUNT II:  VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### BY DSR HOLDINGS GROUP LLC and DAVID SEGAL

77. The previous paragraphs are incorporated into this Count as if set forth in full.

78. DSR contacted Plaintiff using a prerecorded or artificial message on a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

79. Plaintiff never provided express consent to DSR to call her cellular telephone number.

80. The calls from DSR to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

81. Each of the aforementioned calls made by DSR constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et seq.

82. As a result of each of DSR's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

83. As a result of each of DSR's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every

violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## JURY TRIAL DEMAND

84. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following:

85. Judgment in favor of Plaintiff and against DSR Holdings Group, LLC and David Segal, jointly and severally, as follows:

86. Judgment in favor of Plaintiff and all members of Class One and against DSR Holdings Group, LLC and David J. Segal, jointly and severally, as follows:

    a. For each member of Class One, statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    b. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

    c. Such other and further relief as the Court deems just and proper.

87. Judgment in favor of Plaintiff and all members of Class Two and against DSR Holdings Group, LLC and David J. Segal, jointly and severally, as follows:

    a. For each member of Class Two, statutory damages of $500.00 for each violation of 47 U.S.C. § 227 determined to be negligent, pursuant to 47 U.S.C. § 227(b)(1)(A);

    b. For each member of Class Two, treble damages for each violation of 47 U.S.C. § 227 determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    c. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **THE WOOD FIRM, PLLC**

        /s/ *Jeffrey D. Wood*
        Jeffrey D. Wood, Esq.
        ArkBN: 2006164
        11610 Pleasant Ridge Rd.
        Suite 103 – Box 208
        Little Rock, AR  72223
        TEL:  214-914-8374
        FAX:  888-598-9022
        EMAIL:  jeff@jeffwoodlaw.com
        Attorney for Plaintiff